***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Glenn. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
 ***********
At the Full Commission hearing of this matter, Plaintiff made a motion to submit additional evidence into the record. Defendants objected to admission of this new evidence. The evidence submitted does not qualify as newly discovered evidence; furthermore, the evidence offered has not been subject to cross examination nor authenticated. Plaintiff's motion is hereby DENIED.
 ***********
At the beginning of the deputy commissioner hearing of this matter, the parties agreed to the following stipulations:
 STIPULATIONS
1. All parties are properly before the Industrial Commission, and the Industrial Commission has jurisdiction over the parties and this claim. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The employer-employee relationship existed between the defendant-employer and the plaintiff at all relevant times.
3. Clarendon National Insurance Company was the workers' compensation carrier on risk for defendant-employer at all relevant times, and Midwestern Insurance Alliance, Inc. was the administrator.
4. Plaintiff sustained an admittedly compensable injury by accident while in the course and scope of employment with defendant-employer on August 16, 2000.
5. The issues to be determined by the Full Commission are as follows:
 a) Whether plaintiff's current condition is related to his original admittedly compensable injury by accident?
 b) If so, what, if any, additional benefits is plaintiff entitled to receive?
 ***********
Based on the evidence of record, the Full Commission adopts in part and modifies in part the findings of fact found by the Deputy Commissioner as follows:
 FINDINGS OF FACTS
1. At the time of the deputy commissioner hearing in this matter, plaintiff was forty-four (44) years old. Plaintiff is a college graduate with a varied employment history. Plaintiff has worked for a number of employers performing jobs such as a reporter, order puller, loading trucks, general labor, customer service, utility person and working for temporary services as assigned.
2. On August 16, 2000, plaintiff was working as a temporary laborer on a construction site in Cary, North Carolina, when he fell into a hole and a wheelbarrow he was pushing fell onto his left leg. Plaintiff refused immediate medical treatment for his injuries.
3. Plaintiff returned to work for defendant for one to three days between the date of his fall at the construction site, August 16, 2000, and the date he first sought medical treatment for his injury on August 24, 2000.
4. On August 24, 2000, plaintiff was seen and treated by Dr. Samia at Medfirst Medical Center in Raleigh, North Carolina. Dr. Samia diagnosed plaintiff's condition as a strain of the left leg and released him to return to light duty work. On September 11, 2000, Dr. Samia released plaintiff to return to full duty employment with no restrictions.
5. While plaintiff alleges that he was unable to secure employment following his full duty release to return to work, the greater weight of the competent evidence does not show that his inability to secure employment was related to his injury by accident. In the meantime, plaintiff elected to begin a food service training program on September 12, 2000 and completed it on December 1, 2000.
6. No physician has stated that plaintiff is unable to work in any job as a result of the injury he sustained arising out of his employment on August 16, 2000.
7. Plaintiff was paid disability benefits for August 24, 2000 through September 11, 2000; the period of time he was out of work due to the injuries he sustained in the August 16, 2000 accident.
8. Plaintiff has been capable of earning the same or greater wages that he earned prior to his injury by accident since September 11, 2000, and has not sustained any loss of earning capacity extending beyond that date.
 ***********
Based upon the findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff sustained an injury by accident on August 16, 2000 while in the course and scope of employment with defendant-employer. N.C.G.S. § 97-2(6).
2. Plaintiff has failed to prove by the greater weight of the evidence that he is entitled to recover any additional workers' compensation benefits in this matter. N.C.G.S. §§ 97-29, 97-30, and 97-31.
3. Plaintiff has failed to prove that he suffers from any conditions related to his injury by accident which require additional medical treatment. N.C.G.S. § 97-25.
4. Plaintiff has failed to prove by the greater weight of the evidence that he has suffered a substantial change of condition related to or caused by his injury by accident. N.C.G.S. § 97-47.
 ***********
Based on the foregoing Findings of Facts and Conclusions of Law, the Full Commission affirms the holdings of the Deputy Commissioner and enters the following:
 ORDER
1. Plaintiff's claim for additional workers' compensation benefits is hereby DENIED.
2. Each side shall bear its own costs.
This the ___ day of February 2002.
 S/________________________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
DISSENTING:
 S/______________________ CHRISTOPHER SCOTT COMMISSIONER